UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LUIS PATTERSON-LUIS,

      Petitioner,

   v.

FIELD OFFICE DIRECTOR, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

      Respondent,

Case No.:  2:26-cv-01393-SPC-DNF

/

## OPINION AND ORDER

Before the Court are Jose Luis Patterson-Luis's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Patterson-Luis's reply (Doc. 8).  For the below reasons, the Court grants the petition.

Patterson-Luis is a native and citizen of Nicaragua who entered the United States on June 16, 2022.  Immigration officials issued a notice to appear and released him under an order of recognizance.  On July 28, 2025, Patterson-Luis filed an application for asylum, withholding of removal, and protection under the Convention Against Torture.  On August 18, 2025, local law enforcement arrested Patterson-Luis during a traffic stop and handed him over to Immigration and Customs Enforcement ("ICE").  He has been detained at Glades County Detention Center since then.  On February 25, 2026, an immigration judge pretermitted Patterson-Luis's asylum application and

ordered removal to Nicaragua. Patterson-Luis's appeal of that order is pending before the Board of Immigration Appeals. On March 10, 2026, another immigration judge denied release on bond after finding Patterson-Luis is an applicant for admission subject to mandatory detention.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Patterson-Luis. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Patterson-Luis asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

2

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Patterson-Luis's detention is governed by § 1226(a), not § 1225(b)(2). *See Hernandez Alvarez v. Warden*, --- F.4th ---, 2026 WL 1243395 (11th Cir. 2026). As a noncitizen detained under § 1226(a), Patterson-Luis has a right to a bond hearing. *See id*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Patterson-Luis before an immigration judge for an individualized bond hearing within ten days or release him. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Patterson-Luis's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Patterson-Luis

to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Patterson-Luis receives a bond hearing that complies with this Order within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jose Luis Patterson-Luis's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Patterson-Luis for an individualized bond hearing before an immigration judge or (2) release Patterson-Luis under reasonable conditions of supervision. If the respondents release Patterson-Luis, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4